[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDERS
The court has carefully considered the statutory criteria for the granting of a dissolution of marriage, the awarding of custody, visitation, child support, alimony, and attorney's fees, and the dividing of the parties' assets and liabilities. The court makes the following orders.
1. Dissolution of marriage. The parties' marriage is hereby dissolved.
2. Custody and visitation. The parties shall have joint legal custody of the minor child. The mother shall have physical custody. The father shall have reasonable and liberal rights of visitation. CT Page 3265
3. Child Support. The parties' net income of $2,457 is above the highest net income category of the Child Support Guidelines, and therefore, the guidelines are inapplicable. On the basis of the parties' income and the policies underlying the child support regulations, the court agrees with the wife that a child support award of $350 is a more appropriate amount than the husband's requested amount of $304. Thus, the husband shall pay to the wife child support in the amount of $350 per week by immediate wage execution. The husband shall pay the child support until the minor child becomes 18 years old and graduates from high school or becomes 19 years old, whichever earlier occurs. The husband shall provide and maintain medical and dental insurance for the benefit of the minor child as long as his child support obligation continues. The parties shall share the uncovered and unreimbursed medical, dental, psychiatric and such similar expenses of the minor child. The wife shall be allowed to claim the child as a dependent for federal and state income tax purposes.
4. Alimony. The husband shall pay to the wife $850 per week as periodic alimony for 15 years and this alimony shall terminate upon the death of either party, her remarriage, or her cohabitation as defined by statute, except the wife may reside with her children without such residence being considered a basis for termination of alimony. The alimony shall also be paid through wage execution if requested by the wife. The retirement of either party may be considered a substantial change of circumstances warranting a modification or suspension of alimony.
5. Insurance. The husband shall provide and maintain a life insurance policy on his life in an amount no less than $200,000 with the wife and minor child as equal beneficiaries thereon until such time as the payment of alimony and child support ceases. Upon the entry of the final decree for dissolution of marriage, the husband shall inform his employer of same and he shall facilitate the wife's continued health insurance coverage, if available, pursuant to the insurance policy and in accordance with applicable law. In their claims for relief, each party demands that the other assume the cost of any continued health insurance coverage available to the wife after the order of dissolution, but neither party has provided any information to the court about the actual availability of any such insurance or its cost. The court orders that to the extent such continued health insurance is available to the wife and desired by her, the CT Page 3266 cost of such insurance shall be split evenly between the parties.
6. Property divisions. a) Real property. As to the parties' real estate located at 283 Valley Road, North Branford, Connecticut, the court orders the following. The wife shall be responsible for the payment of the mortgage, the home equity loan, taxes and insurance and all other expenses and liabilities related to this property and she shall indemnify and hold the husband harmless from the same. No later than May 1, 2000, the wife shall either pay the husband $25,000, and the husband shall transfer all his right, title, and interest in the property to the wife by quit claim deed and the wife shall thereafter own the property to the exclusion of the husband's interest; or she shall place the property on the market for sale. In the latter event, the house shall be sold in a commercially reasonable manner to bring the best price under prevailing market conditions. The ordinary and necessary expenses of closing, the first mortgage and the home equity loan shall first be paid. The remaining net proceeds shall be split equally between the parties.
b) Personal property and accounts. The wife shall receive fifty 50% percent of the husband's 401k plan (Alcatel Grp) pursuant to a QUADRO. The husband shall receive a $35,000 credit in his favor against the value of his Vanguard retirement plan, and the wife shall receive 50% of the remaining balance of the plan's value pursuant to a QUADRO; so that of the plan's value of $120,432 (as of April, 14, 1998), the wife receives $42,716. These QUADRO'S shall be joint with a right of survivorship if consistent with the terms of the plans. The wife shall retain any of the remaining assets of value remaining in or from the People's Securities accounts. The parties shall other vise retain all other accounts and cash as shown on their financial affidavits to the exclusion of the other. The wife shall have possession of all the items which are currently located at the marital residence in Branford, except the personal possessions of the husband, including those items identified in Schedule A of the Defendant's Post-Trial Memorandum/Claims for Relief. The husband shall transfer to the wife all of his right, title and interest in the Nissan Maxima and thereafter she shall be responsible for the taxes and auto loan and shall indemnify and hold the husband harmless from same. Except as otherwise provided herein, the parties shall retain ownership to the exclusion of the other all personal property and assets as identified on their financial affidavits or in their possession. CT Page 3267
7. Debt divisions. The wife shall pay her school loan and the EAB Visa joint credit card and shall indemnify and hold the husband harmless from same. Except as otherwise herein provided, each party shall pay the debts that they have listed on their separate financial affidavits.
8. Counsel fees. The parties shall be responsible for their own counsel fees.
9. Miscellaneous provisions. The wife shall comply with Paragraph 6 of the parties' June 17, 1998 agreement adopted by the court pendente lite requiring the wife to file an amended joint federal income tax return and state income tax return for 1997 and she shall provide the husband all necessary financial documents for tax preparation. To the extent that any tax payments are due on the 1997 joint federal and state tax returns, including any penalties and interest occasioned by the late filing, each party shall pay one-half thereof. To the extent there is any refund on the 1997 joint federal and state tax returns, this refund shall be split evenly between the parties. The parties shall cooperate in the preparation of all documents necessary to effectuate these orders within the next 60 days and the court shall retain jurisdiction for this purpose, except any disputes regarding the sale of the Branford property or the division of the parties' personal assets shall first be referred to Family Relations for mediation.
Dated March 10, 1999.
Stevens, J.